NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUS A. ACEVEDO, et. al., : | Civil Action No. 05-5169 (MLC) |
| Plaintiffs, : | |
| v. : | MEMORANDUM OPINION |
| MONSIGNOR DONOVAN HIGH SCHOOL, et. al., : | |
| Defendants. : | |

**BONGIOVANNI, Magistrate Judge:**

This matter comes before the Court upon a motion by Defendant Monsignor Donovan High School (hereinafter "MDHS") for the imposition of sanctions pursuant to FED. R. CIV. P. 11. This motion is decided without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below, Defendants' motion is GRANTED.

**I.    BACKGROUND**

The facts of this matter are described in detail in the District Court's Memorandum Opinion of February 28, 2006. Acevedo v. Monsignor Donovan High School, 420 F. Supp. 2d 337 (D.N.J. 2006)(Docket Entry No. 18). In the interest of judicial economy, the facts will not be restated here at length.

On February 28, 2006, the District Court dismissed Plaintiffs' intentional infliction of emotional distress and loss of consortium claims. Id. The Court held that Plaintiffs' intentional infliction of emotional distress claim was virtually impossible to prove based upon the facts of

the case. Id. at 349.  The Court also held that Plaintiff L. Acevedo's loss of consortium claim was not legally cognizable because the claim must be based on a tort claim and not a claim arising from violation of an employment discrimination statute.  Id. at 347.   This ruling disposed of all claims against Defendant Gere.

On June 7, 2006, Plaintiffs sought leave to file a Second Amended Complaint to add a claim against MDHS for violation of the New Jersey Law Against Discrimination (hereinafter "LAD") and to add the same intentional infliction of emotional distress and loss of consortium claims that the Court had dismissed. (Docket Entry No. 25.)  Defendants sent Plaintiffs' Counsel a letter on June 12, 2006, requesting that Plaintiffs withdraw their "frivolous claims."  MDHS Brief in Support of its Motion for Sanctions (hereinafter "Moving Brief") at 3.  On June 19, 2006, Plaintiffs' Counsel responded to Defendants declining to withdraw the Motion.  Id.

On July 5, 2006, the Court granted Plaintiffs' motion to add claims under LAD, but denied Plaintiffs' motion to 'refile' the claims for loss of consortium and intentional infliction of emotional distress. (Docket Entry No. 27).

On August 11, 2006, Defendant MDHS filed the instant motion and supporting brief (hereinafter "Moving Brief") requesting sanctions, consisting of attorneys' fees and costs incurred in opposing Plaintiffs' motion to file a Second Amended Complaint.  Plaintiffs' Counsel, Mendel White, Esq., submitted a certification in opposition to Defendant's motion on August 22, 2006.

II.     DISCUSSION

   A. Standard for Imposition of Rule 11 Sanctions

FED. R. CIV. P. 11 sets forth the standard counsel and unrepresented parties must meet

2

when filing pleadings, motions, or other documents before the Court. Rule 11 was designed to discourage the filing of frivolous, unsupported, or unreasonable claims. <u>Napier v. Thirty or More Unidentified Federal Agents</u>, 855 F.2d 1080, 1090-1091 (3d Cir. 1988). The Rule imposes a "duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" <u>Lieb v. Topstone Indus.</u>, 788 F.2d 151, 157 (3d Cir. 1986). Whenever an attorney or unrepresented party presents a pleading, written motion, or any other paper to a court, he or she is certifying that to best of his or her knowledge, information, and belief, formed after a reasonable inquiry under the circumstances that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b). Sanctions must be limited to what is sufficient to deter such conduct in the future and may consist of, or include, directives of a non-monetary nature, an order to pay a penalty to the court, or, if imposed upon motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. FED. R. CIV. P. 11(c)(2).

The legal standard to be applied when evaluating conduct that may violate Rule 11 is "reasonableness under the circumstances." <u>Ford Motor Co. v. Summit Products, Inc.</u>, 930 F. 2d 277, 289 (3d Cir. 1991). Reasonableness is "an objective knowledge or belief at the time of

3

filing of a challenged paper that the claim was well grounded in law and fact." Id. at 298. Moreover, the moving party is not required to make a showing of bad faith. Martin v. Brown, 63 F. 3d 1252, 1264 (3d Cir. 1995)(citation omitted). An "empty head, pure heart" excuse cannot be used by the accused party as justification for filing a frivolous motion. Clement v. Public Service Electric & Gas Co., 198 F.R.D. 634, 637 (D.N.J. 2001) (quoting FED. R. CIV. P. 11, adv. cmte. notes (1993)). To comply with Rule 11, counsel are required to conduct "a reasonable inquiry into both the facts and law supporting a particular pleading." In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F. 3d 175, 187 n. 7 (3d Cir. 2002).

**B. Plaintiff's Violation of Rule 11**

Defendants contend that Rule 11 sanctions are warranted in this case and after reviewing the history of this matter, the Court agrees. The threshold question which the Court must decide in determining whether to impose Rule 11 sanctions is whether Plaintiffs' counsel conducted a "reasonable inquiry" into the facts and law supporting his Motion to file a Second Amended Complaint. This includes an analysis of whether counsel had "objective knowledge or belief" that Plaintiffs' new claims were "well grounded in law and fact." Had Plaintiffs' counsel conducted a reasonable inquiry, it would be clear that no well grounded basis in law or fact existed to reassert the dismissed claims.

In Its Opinion and Order issued on February 28, 2006, the District Court, after conducting a thorough analysis of the case law, held that the Plaintiff " has failed to assert a proper claim of intentional infliction of emotional distress against Gere or MDHS." (Docket Entry No. 18.) The District Court also determined that the L. Acevedo "does not have a viable claim for loss of consortium." (Docket Entry No. 18.) Ignoring the District Court's clear

ruling, the Plaintiffs then filed a motion seeking leave to file the exact claims that had been dismissed by the Court. Defendants requested that Plaintiffs withdraw these refiled claims. Plaintiffs refused.  In fact, Plaintiffs continue to assert that they believe that the Court's February 28, 2006 Opinion is an "incorrect exposition of the law". See Certification in Opposition at ¶ 3. Plaintiffs assert that the "two briefs on the motion to amend are an attempt to correct what I believe to be incorrect statements of the law." Id. at 4.  Plaintiffs bare assertions do not demonstrate that the Motion to Amend is well grounded in any new facts or law that emerged following the Court's February 28, 2006 ruling.  Mere disagreement with a court's ruling does not justify an attempt to refile a dismissed claim.

It is clear that Plaintiffs' counsel was aware that Plaintiffs' claims for intentional infliction of emotional distress and loss of consortium were dismissed in the District Court's February 28, 2006 Opinion and Order.  It is also clear that counsel disagrees with that ruling. The proper mechanism to challenge a court's ruling is, however, by motion for reconsideration or appeal.  Not simply reasserting in another amended complaint those claims which had been dismissed.

In light of the foregoing, this Court cannot conclude that counsel had a reasonable basis in law or fact to move to amend the complaint to assert the two claims which were just dismissed by the District Court.   Counsel's belief that his "concept of the law is supported by the citations to the New Jersey Supreme Court" was rendered nugatory by the law of the case doctrine via the Court's February 28, 2006 Opinion. Quite simply, counsel's attempt to reinstate previously dismissed claims via a motion to amend, without asserting a change in legal precedent or the facts of the case,  violates the well-established meaning and purpose of Rule 11.

## III.  CONCLUSION

       For the reasons set forth above, Defendants' Motion for Rule 11 Sanctions is GRANTED. Accordingly, Defendants may submit a certification of services for counsel fees and costs associated with Defendants' Opposition to Plaintiff's Motion to Amend.  An appropriate form of order accompanies this Memorandum Opinion.

       _s/ Tonianne J. Bongiovanni_
       **HONORABLE TONIANNE J. BONGIOVANNI**
       **UNITED STATES MAGISTRATE JUDGE**